

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BYRD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-021-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Robert Allen Byrd, a state prisoner currently incarcerated in Huntsville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed on exhaustion grounds.

### I. FACTUAL AND PROCEDURAL HISTORY

The state court records and documentary evidence presented by the parties reflect that petitioner is serving a 99-year sentence for his 2008 conviction for engaging in organized criminal activity

in the 355th Judicial District Court of Hood County, Texas.[1] (Clerk's R. at 46) Petitioner appealed his conviction, but the Second Court of Appeals of Texas affirmed the trial court's judgment on March 12, 2009. *Byrd v. State*, No. 2-08-124-CR, slip op. (Tex. App.-Fort Worth Mar. 12, 2009) (not designated for publication). Petitioner filed a petition for discretionary review in the Texas Court of Criminal Appeals, which was dismissed as untimely on August 19, 2009. *Byrd v. State*, PDR No. 991-09. Petitioner did not seek state postconviction habeas review.

The state court of appeals summarized the evidence at trial as follows:

> Appellant, a resident of Johnson County, is a confessed former high ranking captain of a white-supremacist group who call themselves the Aryan Circle. In May 2006, Appellant had gone to Hood County, Texas, to "hold court"[3] on a fellow Aryan Circle member, Shawn Goodrich. The court involved allegations surrounding Goodrich's extensive use of methamphetamine and Goodrich being behind on his payments for the illegal drug.
>
> FN3. "Holding court" refers to fellow Aryan Circle members hold another member accountable for violating the Aryan Circle's "handbook" and often involves physical punishment for the offender.
>
> After having conducted court regarding Goodrich,

---

[1]Petitioner is also serving a life sentence for his 2008 capital murder conviction in McClennan County, Texas.

2

Appellant, Johnny Freeman, Daniel Roof — a lieutenant in the Aryan Circle, Jennifer Perez, and Goodrich went to a Granbury convenience store to meet Ruth Adkins and her son James Newell. Adkins was upset that her daughter, Jennifer Newell, had begun shooting methamphetamine with her boyfriend, James Padgett. Adkins believed that Padgett would get her daughter to use the drug so that she would pass out and he would then do "sexual things" with her.

Shortly after this meeting, Appellant, Freeman, Roof, Goodrich, and Perez drove to Oak Trail Shores, a Granbury subdivision. On the way, Appellant talked about going to Jennifer Newell and Padgett's house because Padgett was "spinning Jennifer out."[4] When the group got to Padgett's house, Jennifer answered the door and told them that Padgett was not home, so the group left. On their way out of the Oak Trail Shores neighborhood, they saw Padgett entering the gates and turned around. After stopping Padgett's vehicle, Appellant, Roof, and Freeman jumped out of the truck. Appellant and Roof allegedly had knives with them. About five minutes later, the three returned to the truck with blood on them and breathing heavily. As they left the scene, Appellant used a stuffed animal in the truck to wipe the blood off his arm and knife. Roof cleaned his knife with beer. They then threw the bloodied toy, as well as the knives, out of the truck window.

> FN4. "Spinning out" is vernacular used to describe the state of being high on methamphetamine to the point of unconsciousness.

As they left the scene, Freeman was allegedly upset, saying that what had occurred "was sloppy" and that the attack "wasn't suppose[d] to go down like that." Appellant replied, "It's all right. I got him. We don't have nothing to worry about." Roof complained that he was able to "do nothing" because his knife was dull. The group then drove to Dallas, where they purchased new clothes at a Wal-Mart. The three men changed their clothes at a truck stop and discarded their bloody

3

clothes into the truck stop's trash bin.

Freeman's girlfriend, Amber, returned home late that afternoon and found that Freeman was not home. She called several people, including Adkins, looking for Freeman. Adkins told Amber that there had been a stabbing in Oak Trail Shores and that the police thought Freeman was involved. Shortly thereafter, Adkins called Amber and asked her to meet her at Brazos River Acres. Once there, Adkins told Amber that Freeman wanted to meet them in Hillsboro, Texas.

Adkins and Amber drove to Hillsboro, where they met Appellant and Freeman at a gas station. Amber noticed that the men were wearing different clothes than they had been wearing earlier. Adkins rented a nearby motel room, where the four of them went to talk.

At trial, Amber testified that Appellant said he had stabbed Padgett because God told him to and that he was freeing Jennifer Newell from Padgett. Appellant described how it "felt good" to stab Padgett. According to Amber, Freeman appeared shocked while Appellant and Adkins appeared pleased.

Padgett was airlifted to Harris Methodist Hospital in Fort Worth after the stabbing. Having suffered massive blood loss, he underwent surgery to repair multiple stab wounds in his heart and his torso. He was eventually transferred to a nursing home facility, where he died of pneumonia nearly a year later. The medical examiner listed Padgett's cause of death as complications from multiple stab wounds.

*Byrd*, No. 2-08-124-CR, slip copy, at 2-5.

## II. ISSUES

In four grounds, petitioner raises the following claims:

(1) He was denied his right to appeal.

(2) The evidence is legally insufficient to support his

4

conviction.

(3)   Illegally seized evidence was admitted at trial; and

(4)   He received ineffective assistance of counsel on appeal. (Petition at 7-8; Pet'r Memo. at )

### III.   RULE 5 STATEMENT

Respondent maintains that petitioner's claims have not been properly exhausted in the state courts as required by 28 U.S.C. § 2254(b) and (c), and he moves for dismissal of the petition on exhaustion grounds or, in the alternative, denied on the merits. (Resp't Ans. at 5-10)

### IV.   EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). 28 U.S.C. § 2254(b) and (c) provide in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to

5

>have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). This requires that the state court be given a fair opportunity to pass on the claims, which in turn requires that the applicant present his claims in a procedurally proper manner according to the rules of the state courts. *See Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Unquestionably, petitioner has failed to exhaust his state court remedies in a procedurally correct manner with respect to the claims presented by raising the claims in a timely filed petition for discretionary review or a state habeas application under article 11.07. Consequently, the state's highest court has not

been afforded a fair opportunity to consider the merits of petitioner's claims, and the claims are unexhausted for purposes of federal habeas review. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in federal court in habeas corpus. See 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones,* 466 F.2d 505, 506 (5th Cir. 1972). Petitioner maintains the right to pursue state corrective process *via* a state habeas application requesting permission to file an out-of-time petition for discretionary review or a state habeas application raising the claims presented.

Petitioner seeks a "stay and abeyance" of the action so that he may return to state court for purposes of exhausting his claims. A dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In light of this dilemma, federal courts have the authority to stay a habeas petition and hold it in abeyance while a petitioner exhausts his claims in state court. *See Rhines v. Weber,* 544 U.S. 269, 276-77 (2005). Such stays, however, are available only under limited circumstances. *Id.* at 277. Stay and abeyance is only appropriate when three requirements are met: (1) there is good cause for the petitioner's failure to exhaust his

claims first in state court; (2) the unexhausted claims are not plainly meritless; and, (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

Petitioner claims he was ignorant of filing deadlines and forced to represent himself after his conviction was affirmed by the state court of appeals. (Pet'r Mtn. to Stay at 1) He further claims he did not file a state habeas application because the Texas Court of Criminal Appeals conspired against him by illegally dismissing his petition for discretionary review as untimely. (Pet'r Rebuttal at 2) Neither pro se status nor ignorance of the law and filing deadlines constitutes good cause for petitioner's failure to exhaust his state remedies. See *Taylor v. Sherry*, No. 07-CV-14298, 2009 WL 596241 at *2 n.3 (E.D.Mich. Mar.9, 2009), citing *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir.), cert. denied, 543 U.S. 989 (2004)(pro se status does not constitute "good cause" for failure to exhaust state remedies and, therefore, does not justify stay-and-abeyance procedure); *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) (same as to ignorance of the law). Further, petitioner's claim that the Texas Court of Criminal Appeals conspired to illegally dismiss his petition for discretionary review lacks any factual basis whatsoever and is

8

legally incorrect. Petitioner has not demonstrated good cause for his failure to exhaust his claims in state court, thus it is unnecessary to address the remaining two *Rhines* factors.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice on exhaustion grounds.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of aconstitutional right.

SIGNED June   3  , 2010.

_____
JOHN McBRYDE
United States District Judge

9